NELSON *v.* REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 17,769. Filed December 7, 1948. Rehearing denied February 1, 1949.]

12

*Ireland, Denton & Fish,* all of Evansville, for appellant.

*Cleon H. Foust,* Attorney General, *Winslow Van Horne,* Deputy Attorney General, and *Fred R. Bechdolt,* Chief Counsel, for appellee.

BOWEN, J.—This is an appeal from a decision of the Review Board of the Indiana Employment Security Division affirming a referee's decision which denied appellant unemployment benefits under the Indiana Employment Security Act from October 21, 1947 to December 9, 1947.

In this proceeding, James B. Nelson, the appellant herein, filed a claim for unemployment benefits with the Indiana Employment Security Division through its local office at Evansville, Indiana. A Claims Deputy of the Division determined that the claimant was unavailable for work and denied his claim for compensation. The appellant herein requested a hearing before a referee who determined in a subsequent hearing that claimant was unavailable for work from October 22, 1947 to December 9, 1947. From this decision of the referee, the appellant filed his appeal with the Review Board, and the Review Board with a dissenting opinion, after hearing said appeal, sustained and affirmed the decision of the referee. From such decision of the

Review Board, appellant presents his appeal to this court.

The only error assigned for reversal is that the decision of the Review Board is contrary to law.

The question presented by the issue tendered is whether appellant was available for work within the meaning of the Indiana Employment Security Act.

The question whether a claimant is available for work so as to be entitled to unemployment benefit payments under the Employment Security Act is one of fact to be determined by the Review Board. In considering this appeal we must consider whether there is any evidence establishing claimant's unavailability for work or any evidence from which such ultimate fact may be reasonably inferred. *Welch* v. *Review Board* (1944), 115 Ind. App. 230, 58 N. E. 2d 363.

The findings and conclusions of the Review Board are in substance as follows:

". . . to be available for work an individual must show that he is actively in the labor market, willing to work, and actively seeking work. Lack of effort to seek work is not consistent with the status of availability . . . It presupposes some effort on the part of the individual to secure work.

"In order to be eligible for benefits, a claimant, among other conditions, must register for work at a public employment office. Registration alone does not meet the requirement of the Act unless such registration is *for work*. A claimant who is only passively interested in work, and who reports to the employment office as a matter of routine simply to promote his claim, has not registered *for work*, even though he may fill out all required forms. While as a practical matter, registration for work at an employment office does establish a presumption that the claimant is available for work, it is a presumption only that readily may be set aside by evidence that the individual is not truly in the labor market.

". . . Availability for work contemplates a voluntary, full, and continuous exposure to possible job opportunities on the part of the claimant. Registration for employment and declaration of availability for work are indicative of prima facie availability only. It is contrary to the intent and purpose of the Act to pay allowances to claimants who do nothing more than register for work at a time when employment opportunities may exist in their locality and when their continued unemployment may be due to their failure to actively seek work with employers in need of their services. A claimant who fails to take positive, affirmative action in actively seeking work thereby restricts his employability and limits his availability. . . .

"A claimant's availability for work is a question of fact and must be determined on the particular facts and circumstances in each case. In the instant case we are of the opinion that claimant has failed to register a true intent to work, and is, therefore, ineligible for waiting period and benefits until such time as he meets all the eligibility requirements of the Act.

"From the foregoing we are lead to the conclusion that the Referee's findings of fact are supported by the evidence and his conclusions of law are supported by the findings of fact. Therefore, the Referee's decision will not be disturbed.

"The decision of the Referee which held the claimant unavailable for work and ineligible for his benefits to December 9, 1947, and so long thereafter as such self-imposed restrictions upon his employability shall continue to exist, is hereby sustained."

The evidence shows that the claimant, a man age 70 years, had terminated his last employment on September 5, 1947 with a manufacturing concern because the employer had refused to transfer him to duties other than those of janitor work. However, in another cause, Employment Security Division File No. 47-A-1127, he had been held unavailable for work from September 5, 1947 to October 21,

1947 by a referee's decision. This decision was not appealed from and since he had quit his job under the circumstances related above he was clearly ineligible for benefits under the Act for that period.

The present case, however, which was Security Division File No. 47-A-1308 and a renewal of his claim for benefits on and subsequent to October 22, 1947, presents a different question.

After renewing his claim, the undisputed evidence shows that he registered for work and reported regularly at the employment office as required. In addition, he watched the newspapers, and had called at one particular place seeking employment. He had also made application for old age retirement pension and had received two checks.

The statute in defining acts constituting unavailability, § 52-1538b, Burns' 1933 (1947 Supp.), provides:

"Physical and mental ability to work—Reduction in benefits for unavailability—Acts constituting unavailability—An unemployed individual shall be eligible to receive benefits with respect to any week only if: He is physically and mentally able to work and is available for work: Provided, That if an otherwise eligible individual is unable to work or is unavailable for work on any normal work day of the week he shall be eligible to receive benefits with respect to such week reduced by one-third of his weekly benefit amount for each day of such inability to work or unavailability for work. For the purposes of this act, unavailability for work of an individual shall be deemed to exist, but shall not be limited to, any case in which, with respect to any week, it is found:

(a) That such individual is attending a regularly established school, college, university, hospital, or training school, excluding, however, any night school or part-time training course. This shall not mean that an individual is available for work while he is attending a training course spon-

sored, held or conducted by an employing unit for training workers for positions in its own plant or establishment.

(b) That such individual is engaged by any unit, agency, or instrumentality of the United States of America in charge of public works or assistance through public employment; or by any unit, agency or instrumentality of this state, or any political subdivision thereof, in charge of any public works or assistance through public employment; or

(c) That such individual is in full-time active military service of the United States of America, or is enrolled in civilian service as a conscientious objector to military service; or

(d) That such individual's unemployment is due to pregnancy; or

(e) That such individual is engaged in self-employment. (Acts of 1947, ch. 208, § 1403, p. 673.)"

While the definition of unavailability for work is not limited to the exact specifications of the statute by its express terms, and while the determination of whether a given individual is available for work is a question of fact to be determined in the light of the circumstances of each particular case, the entire record in the instant case is devoid of any evidence that the claimant from the time of the renewal of his claim with the Employment Security Division had restricted his availability for work, nor is there any evidence from which a reasonable inference could be drawn that he had placed any conditions whatsoever on any suitable employment which he would accept. There is no showing of bad faith on the part of the claimant, and the record does not show that he had not placed himself truly in the labor market as found by the Review Board. There is no showing that he had refused to accept any reference to suit-

able work in his employment area as the claimant did in the case of *Welch* v. *Review Board, supra.* There is no evidence from which any reasonable inference could be drawn that claimant failed to register a true intent to work as found by the Review Board.

This court judicially knows that job opportunities are limited to individuals 70 years of age and over, and the record does not disclose a complete lack of effort to seek work on the part of the claimant or a refusal to accept any type of employment on the part of the claimant. It seems clearly apparent from a consideration of the circumstances that the failure of the claimant to make a further independent search for work was not the proximate cause of his continued unemployment. The fact that claimant had quit a job before because it constituted janitor work and for which he was penalized under the Act, cannot be held as a continuing basis for a denial of unemployment compensation benefits where the same individual makes claim for a later period, and presents himself without restrictions or conditions to a division of state government created by the Indiana Legislature with adequate trained personnel in continuous contact with the labor market to find available work for him. The claimant also made some slight effort to look for work, and there are no facts and circumstances from which it could be inferred that claimant subsequent to the renewal of his claim had refused any employment offered him. It seems significant that the record shows that the Employment Security Division offered not a single job to claimant. The availability test must be applied with a full consideration of the facts and circumstances of the particular case. There must be some basis for an inference that with some effort on behalf of claimant he could

reasonably be expected to find work for himself. Such basis does not exist in this case.

The appellee Review Board contends that claimant's application for and acceptance of old age benefits was a fact which supports the Board's decision. It appears that claimant was correctly told by the Employment Security Division that he could apply for old age benefits and not disqualify himself for unemployment benefits. Receiving wages or unemployment benefits will disqualify a claimant for receiving old age benefits under the Social Security Act, but having received old age benefits will not disqualify one from receiving unemployment compensation under the Employment Security Act.

For the reasons given herein, the decision of the Review Board is reversed and the cause remanded for proceedings not inconsistent herewith.

Royse, P. J., concurs with opinion.

Hamilton, J., concurs.

## CONCURRING OPINION

ROYSE, P. J.—I agree with the result reached by the majority in this case. However, I cannot agree with the reasoning by which they reach their conclusion. As I construe the majority opinion, it holds the award must be reversed because the evidence does not sustain the findings made by the Review Board. This necessarily implies that if the evidence was sufficient to sustain the findings made, the award would have to be affirmed. (I am of the opinion there is sufficient evidence in the record to sustain the findings the Board made.) I do not believe this is the law in this state. I believe § 52-1538b, Burns' 1933 (1947 Supp.) relied on in the majority opinion must be construed with

§ 52-1539a, Burns' 1933 (1947 Supp.), which provides as follows:

"FAILURE WITHOUT GOOD CAUSE TO APPLY FOR OR ACCEPT SUITABLE WORK— DETERMINATION OF SUITABLE WORK.—An individual shall be ineligible for waiting period or benefit rights: If the director or the division finds that being totally, partially, or part-totally unemployed, and after having complied with the requirements of sections 1401, 1402 and 1403 (§§ 52-1538, 52-1538a, 52-1538b) hereof, he has failed without good cause, either to apply for available suitable work when so directed by the director, the deputy, or an authorized representative of the state or the United States Employment Service, or to accept suitable work when found for and offered to him by the director, the deputy, an authorized representative of the state or the United States Employment Service, or by an employing unit, or to return to his customary self-employment (if any) when so directed by the director or the deputy. Such ineligibility shall continue for the week in which such failure occurred and for the five (5) next following weeks in addition to the waiting period."

In the case of *Muncie Foundry Division of Borg-Warner Corporation* v. *Review Board of Unemployment Security Division et al.* (1943), 114 Ind. App. 475, 51 N. E. 2d 891 (Transfer denied), this Court, in considering the question of availability for work, said (p. 482):

"But he (the employee) is disqualified for failure to apply for available, suitable work *only* when he has been directed to do so by the director or the deputy of the Indiana Employment Security Division." (My emphasis).

In the instant case there is no finding that appellant failed to apply for work or to accept work when offered in accord with the provisions of § 52-1539a, *supra*. Nor is there any evidence in the record to support such a

finding. Therefore, the award must be reversed. In the interests of justice, I feel the Board should be directed to hear further evidence on this question if either of the parties so desire.

Hamilton, J.—Concurs.

NOTE.—Reported in 82 N. E. 2d 523.