BEDWELL ET AL. *v.* REVIEW BOARD OF THE INDIANA
EMPLOYMENT SECURITY DIVISION ET AL.

[No. 17,953.  December 5, 1949.]

*Paul P. Boyle,* of Terre Haute, for appellants.

*Glen F. Cline,* Chief Counsel, Review Board, Employment Security Div.; *J. Emmett McManamon,* Attorney General (of counsel); and *Kahn, Dees, Donovan & Kahn,* of Evansville; *Gerald E. Hall,* of Princeton; *Hays & Hays,* of Sullivan; *Gambrill, Dudley & Cox,* and *Adamson & Adamson,* all of Terre Haute; *Barnes, Hickam, Pantzer & Boyd,* and *Michael D. David,* all of Indianapolis; and *Gilbert Shake,* of Vincennes, for appellees.

DRAPER, C. J.—We have for judicial review a decision of the Review Board of the Indiana Employment Security Division which denied unemployment compensation to approximately two thousand coal miners.

The appellants are all members of District 11, United Mine Workers of America. The appellee-employers are members of the Indiana Coal Operators Association or the Indiana Coal Producers Association. All are parties to the Terre Haute Agreement effective between said Associations and District 11, United Mine Workers of' America.

Pursuant to a provision of said agreement, John L. Lewis, President of the United Mine Workers of America, authorized a memorial period during which mining was suspended for two weeks in the spring of 1949. Because thereof, the miners absented themselves from their employment, although the employers kept the mines open for work, and suitable work was available.

The question presented is whether the Board erred in denying benefits for the two week period.

The declared purpose of the Act is to provide benefits for persons unemployed through no "fault" of their own. Burns' 1933 (1947 Supp.), § 52-1525. In other words, persons who are involuntarily out of employment. *Walter Bledsoe Coal Co.* v.

*Review Board, etc.* (1943), 221 Ind. 16, 46 N. E. 2d 477.

The appellants here laid off voluntarily. Their usual work was available but they would not perform it. They agreed to this temporary period of unemployment in advance. They had the right to refuse to work during that period, but they were idle through choice and not from necessity. They were bound by the agreement pursuant to which their president stopped all mining operations during the two week period. His act was their act. It was their agreement. They were entitled to its benefits and encumbered by its burdens. *Standard Oil Company (Indiana)* v. *The Review Board of the Indiana Employment Security Division, et al.* (1949), 119 Ind. App. 576, 88 N. E. 2d 567. See also: *Moen* v. *Director of Division of Employment Security* (1949), 324 Mass. 246, 85 N. E. 2d 779; *Mattey* v. *Unemployment Compensation Board of Review* (1949), 164 Pa. Super. 36, 63 A. 2d 429; *In re Buffelen Lumber & Mfg. Co.* (1948), 32 Wash. 2d 205, 201 P. 2d 194.

Nor were these men available for work within the meaning of the Act. The test of availability requires a claimant to be ready, able, and willing at all times to accept suitable employment. An absence from work which is voluntary, temporary, and in accordance with an agreement of this kind with the employer, is inconsistent with the idea of availability. *Mattey* v. *Unemployment Compensation Board of Review, supra.*

The decision is affirmed.

NOTE.—Reported in 88 N. E. 2d 916.