ABSHIER ET AL. v. REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 18,274. Filed May 15, 1952.]

426

*Wilbur F. Dassel,* of Evansville, for appellants.

*J. Emmett McManamon,* Attorney General, *Glen F. Kline,* Deputy Attorney General, and *Arthur R. Donovan,* of Evansville, for appellees.

CRUMPACKER, J.—The appellants, 1,253 in number, are production and maintenance employees of Seeger Refrigerator Company of Evansville, Indiana, hereinafter referred to as the employer. They seek unemployment benefits under the Indiana Employment Security Act for the calendar weeks in the period from March 20, 1951, through April 3, 1951.

The facts, as found by the Review Board of the Employment Security Division, are comparatively brief and we quote them as follows:

"The Review Board finds that a labor dispute existed between Local 121 of the United Plant Guard Workers of America and the employer from some time prior to March 20, 1951, through April 3, 1951; that because of such labor dispute, Local 121 of the United Plant Guard Workers of America called a strike at this employer's establishment on March 20, 1951, and established pickets at the entrances of this employer's establishment on such date; that a large majority of the production and maintenance employees, including the claimants herein, refused to cross the picket lines established by the striking union, which resulted in a stoppage of work at this employer's establishment on March 20, 1951; and that such stoppage of work continued to exist until April 4, 1951, when the dispute between the Plant Guard Workers of America and the employer herein was settled and normal production resumed.

"The Review Board further finds that the employer had work available for all of the claimants throughout the period of such stoppage of work; that their failure to cross the picket lines which were peaceful was an act of participation in the labor dispute between the employer and the Plant Guard Union; and that their resulting unemployment was due to a stoppage of work which existed because of a labor dispute in which each of the claimants was a participant.

"The Review Board further finds that all the claimants involved herein were production and

maintenance workers and members of the bargaining unit for which Local 808 of the I. U. E.-C. I. O. was the authorized bargaining agent; that some of the production and maintenance workers actively participated in the picket lines of the Plant Guard Workers Union, consequently the claimants and each of them were members of a grade or class of workers some of whom actively participated in the labor dispute which caused the stoppage of work."

On these facts the Review Board concluded and adjudged that the appellants and each of them are not qualified for relief by reason of §1504 of the Indiana Employment Security Act, Burns' 1951 Replacement, §52-1539c. which provides as follows:

"An individual shall be ineligible for waiting period or benefit rights: For any week with respect to which the board finds that his total or partial or part-total unemployment is due to a stoppage of work which exists because of a labor dispute at the factory, establishment, or other premises at which he was last employed; Provided, That this section shall not apply if it is shown to the satisfaction of the board that: He is not participating in or financing or directly interested in the labor dispute which caused the stoppage of work; and he does not belong to a grade or class of workers of which, immediately before the commencement of the stoppage, there were members employed at the premises at which the stoppage occurs, any of whom are participating in or financing or directly interested in the dispute; and he has not voluntarily stopped working, other than at the direction of his employer, in sympathy with employees in some other establishment or factory in which a labor dispute is in progress; Provided, That if in any case separate branches or work which are commonly conducted as separate businesses in separate premises, are conducted in separate departments of the same premises, each such department shall, for the purpose of this section, be deemed to be a separate factory, establishment, or other premises."

The appellants assign as error that the decision of the Review Board is contrary to law and in support of such contention they insist that certain facts, essential to its validity, as found by the board, are not sustained by sufficient evidence. They first challenge the Board's finding that they participated in the dispute between the employer and the plant guard workers union. The only evidence we find in the record in support of such finding is that the appellants, who are not members of the plant guard workers union, refused to cross a picket line maintained by said union to effectuate a strike in which they, the appellants, had nothing but a sympathetic interest. Whether or not this constitutes "participating in" a labor dispute within the meaning of §1504, *supra*, has never been decided in Indiana. A number of courts in other states, however, have construed the phrase "participating in" as used in employment security statutes similar to ours and seem to be agreed that the voluntary refusal of claimants to cross picket lines maintained by members of a union to which the claimants do not belong makes them participants in the labor dispute involved. *American Brake Shoe Co.* v. *Annunzio* (1950), 405 Ill. 44, 90 N. E. 2d 83; *Baldassaris* v. *Egan* (1949), 135 Conn. 695, 68 A. 2d 120. Whether or not this rule should be adopted in Indiana we find it unnecessary to decide. Our statute disqualifies a claimant if he belongs "to a grade or class of workers of which, immediately before the commencement of the stoppage, there were members employed at the premises at which the stoppage occurs, any of whom are participating in or financing or directly interested in the dispute." The undisputed evidence indicated that "immediately before the commencement of the stoppage" or work, for which the appellants seek com-

pensation, approximately 3,000 production and maintenance workers were employed in the plant where the strike in question occurred. A substantial number of them actively participated in the labor dispute between the employer and the plant guard workers union by joining the picket line. The appellants' refusal to cross this line resulted in a work stoppage and although none of them participated in the picketing, members of their grade or class of workers were actively engaged in doing so "immediately before the commencement of the stoppage." This is sufficient, under the statute, to disqualify them for compensation.

Furthermore this court has held that voluntary unemployment is not compensable under the declared purpose of the Act to provide benefits for persons unemployed through no fault of their own. *Bedwell* v. *Review Bd., Emp. Sec. Div.* (1949), 119 Ind. App. 607, 88 N. E. 2d 916. The evidence most favorable to the Board's decision tends to establish the following facts: The union to which the appellants belong disclaimed any labor dispute with the employer and advised its members that it was each individual's personal election whether or not he should cross the picket line maintained by the plant guard workers union. Throughout the period of the strike the employer had work available for its production and maintenance workers and importuned them through newspaper advertisements, radio announcements, and personal letters, to return to work, which a considerable number of them, other than the appellants, did. Though there is evidence that some of the appellants stayed away from work through fear of physical injury if they crossed the picket line, the Board evidently rejected such evidence in view of the undisputed fact that said picket line was maintained in a peaceful

manner at all times and the several hundred production and maintenance workers who crossed the same were not molested or threatened with violence. "The fear of violence must be real and not nebulous. Just because claimants say that they are afraid of the pickets is not enough and the mere presence of the pickets is not enough to excuse the claimants from crossing picket lines." *Steamship Ass'n.* v. *Unemp. Comp. Bd.* (1947), 190 Md. 215, 57 A. 2d 818. Our examination of the record shows a total lack of evidence constituting a reasonable basis for the appellants' professed fear of bodily harm if they went to work and we therefore hold that their unemployment during the period for which they seek benefits was of their own choosing.

Judgment affirmed.

NOTE.—Reported in 105 N. E. 2d 902.