NATIONAL FURNITURE MANUFACTURING CO., INC. *v.* REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 19,354. Filed November 18, 1960.]

*Isidor Kahn, Willard C. Shrode* and *Kahn, Dees, Donovan, Kahn & Shrode,* of counsel, of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, and *Keith Campbell,* Deputy Attorney General, for appellee Review Board of Indiana Employment Security Division.

AX, P. J.—This is an action brought by the appellee, Shirley K. Taylor, against the appellant, National Furniture Manufacturing Company, Incorporated, for benefits under the Indiana Employment Security Act, by reason of the aforesaid appellee having become unemployed on January 19, 1959.

The appellee, Shirley K. Taylor, filed his report of unemployment with the Indiana Employment Security Division on January 23, 1959, together with his claimant's statement, claiming benefits under the terms of the Indiana Employment Security Act on the ground that he became unemployed on January 19, 1959, the last day of his employment with the appellant. The appellant filed an employer's statement and contended that the appellee on January 19, 1959, quit his employment voluntarily without good cause.

On February 10, 1959, the Evansville office of the Indiana Employment Security Division entered a finding and conclusion that appellee quit his employment because of a justified reprimand, and that such action amounted to quitting voluntarily without good cause. On this conclusion, it was determined that the appellee's benefit rights were suspended as of January 19, 1959, and, thereafter until such time as said appellee earned the amount of ten times his weekly benefit amount in employment, as defined by the Indiana Employment Security Act. Within the time provided by law, the appellee filed a form No. 601 for a hearing before a referee. On the 5th day of March, 1959, John C. Castelli, Appeals Referee of the Indiana Employment Security Division, affirmed the determination and ruling of the Evansville office. Within the time provided by law, the appellee filed a form No. 651 request for an appeal to the Review Board of the Indiana Employment Security Division. Upon review the Review Board, refusing to grant appellee's request to submit additional evidence and upon the review of evidence previously submitted, found that the appellee voluntarily quit his employment and with good cause, and reversed the decision of the referee. This appeal is brought by the appellant's assignment that such decision is contrary to law.

There is no dispute involved concerning the fact that appellee left his employment voluntarily—so, we have here the question of whether or not, when he left voluntarily, he left with or without good cause. This involves an interpretation of the applicable portion of the Indiana Employment Security Act, §1501, as found in Burns' 1951 Repl. (1957 Supp.), §52-1539, reading as follows:

"An individual shall be ineligible for waiting period or benefit rights: For the week in which he has left work *voluntarily without good cause* or has been discharged for misconduct in connection with his work, and for all weeks subsequent thereto until such individual has thereafter earned remuneration equal to not less than ten (10) times his weekly benefit amount in employment as defined in Section 1508 hereof; . . ." (Our emphasis.)

The Review Board in this case made the following findings, conclusions and decision:

"Voluntary quitting in anticipation of discharge will be considered to be with good cause wherein evidence reveals that discharge was imminent and had claimant been discharged, it would not have been for misconduct in connection with his work.

*STATUTORY PROVISIONS INVOLVED:* Indiana Employment Security Act, §1501, as found in Burns' 1951 Repl., 1957 Supp., §52-1539, (hereinafter referred to as the Act).

*CASE HISTORY—SOURCE OF APPEAL:* The claimant brings this appeal to the Review Board from the decision of the referee in Case No. 59-A-424, wherein the referee held that claimant left his work voluntarily without good cause on January 19, 1959. In accordance with due notice, hearing was held before the Review Board at Indianapolis, Indiana, on April 28, 1959. The employer failed to appear and claimant appeared in person.

*STATEMENT OF FACTS:* Claimant was employed for approximately eleven months as a truck driver for the employer herein. The claimant quit his employment on January 19, 1959, for the reason that he believed that a discharge by his employer was imminent and would be unjustified. The claimant testified at a hearing before an appeals referee on February 27, 1959, and it is undisputed, that while operating a truck for the employer, he had two flat tires and, pursuant to instructions of his employer, he contacted a service station for the purpose of repair and replacement. The evidence reveals that after claimant was able to continue

toward his destination, one of the wheels became removed from the vehicle, thereby causing damage to the employer. The claimant contends that the reason for the damage was the fact that it was the negligence of the serviceman in putting the tire and wheel on backward but the employer contended it was the result of the claimant's carelessness and negligence in not making proper inspection. The claimant testified that he did check the wheel to make certain that it was secured but did not observe at that time that it had been improperly installed. Subsequent thereto, more specifically, on January 19, 1959, the claimant was called before the employer's Personnel Manager, the Production Manager, and a Mr. Ottaman and severely reprimanded for the incident. The claimant testified that the three employer's representatives referred to carried on a conversation between themselves, and in the presence of and audible to the claimant, to the extent that claimant believed that he was going to be discharged, and therefore he submitted his resignation. At said hearing before the referee, claimant brought out, on cross-examination of the Personnel Manager, that during the conference of January 19, the Production Manager had made the remark to the claimant that perhaps the claimant would be better in another job and also that there had been mentioned the claimant should quit. The Personnel Manager, in response to a question by the referee as to whether or not the claimant would have been permitted to continue in his employment, answered: "I think so." The claimant was of the opinion that it would be easier to obtain new employment if his employment record would show that he had quit rather than having been discharged.

*FINDINGS AND CONCLUSIONS:* The Board finds that the claimant had been employed approximately eleven months as a truck driver by the employer herein.

It is further found that on January 19, 1959, claimant voluntarily quit his employment for the reason that he believed that he faced an immediate discharge by his employer for the reason of one

of the employer's trucks, which claimant had been operating, having been damaged.

It is further found that the damage caused to employer's truck was the result of the negligence of a third party, a service station attendant, who placed a wheel on said truck improperly.

It is further found from the evidence that it was most reasonable for claimant to believe that he was about to be discharged, particularly in view of the testimony of the Personnel Manager, who wasn't positive that the claimant would have been permitted to remain in his employment had he not quit.

The Board concludes from the evidence that the claimant acted as a reasonable and prudent person in relying upon the workmanship of the service station attendant performing the common task of installing a wheel on the employer's truck; that it was the negligent act of the third party, and not the claimant, which caused the accident resulting in damage to the employer.

It is further concluded from the evidence that had claimant been discharged, it would not have been for misconduct in connection with his work and his voluntary act of quitting on January 19, 1959, was with good cause.

*DECISION:* The decision of the referee reversed. Claimant voluntarily quit his employment and with good cause on January 19, 1959, and if otherwise eligible, he is entitled to unemployment benefits for the period in question."

In our determination of this case, we are faced at the outset with §52-1542k, Burns' Ind. Stat., which provides in part that "any decision of the review board shall be conclusive and binding as to all questions of fact. . . ."

Also, we are bound by the recent decision of our Court handed down in the case of *Nordhoff* v. *Review Board of Ind. Empl. Sec. Div.* (1959), 129 Ind. App. 378, 156 N. E. 2d 787, wherein we held that the question of whether or not the appellee

employee voluntarily quit his work with or without good cause is primarily a fact question for the Review Board; and the question of what is good cause must ultimately be determined in the light of all of the facts of the particular case.

It is apparent in reading the above findings and conclusions of the Review Board that it concluded that the appellee had good cause to leave his employment because "he believed that he faced an immediate discharge by his employer for the reason of one of the employer's trucks, which claimant (appellee) had been operating, having been damaged," and that "it was most reasonable for claimant to believe that he was about to be discharged, particularly in view of the testimony of the Personnel Manager, who wasn't positive that the claimant would have been permitted to remain in his employment had he not quit."

Under the decisions of our Court and the Supreme Court construing §52-1542k, Burns' Ind. Stat., the findings of the Review Board are conclusive unless reasonable men, considering only the evidence supporting those findings, would be bound to reach a different conclusion. The rule was stated by our court in *Merkle* v. *Review Board of the Ind. Emp. Sec. Div.* (1950), 120 Ind. App. 108, 90 N. E. 2d 524, as follows:

"Burns' 1933 (1949 Supp.), §52-1542k, provides that: 'Any decision of the review board shall be conclusive and binding as to all questions of fact.' This means that we are not at liberty to weigh the evidence. We must accept the facts as found by the board and can disregard them only in the event they are not sustained by any evidence of probative value. *White* v. *Review Board of Indiana, etc.* (1944), 114 Ind. App. 383, 52 N. E. 2d. 500; *News Publishing Co.* v. *Verweire* (1943), 113 Ind. App. 451, 49 N. E. 2d 161; *Craddock Furniture*

*Corp.* v. *Nation* (1944), 115 Ind. App. 62, 54 N. E. 2d 295, 55 N. E. 2d 121."

Again in *Youngstown Sheet & Tube Company* v. *Review Board of the Indiana Employment Security Division* (1954), 124 Ind. App. 273, 116 N. E. 2d 650, our court said:

"It is a well recognized rule of law that in matters of this kind this court cannot disturb the decision unless reasonable men would be bound to reach a different conclusion on the evidence. *Miles* v. *Review Bd., Emp. Sec. Div.* (1951), 120 Ind. App. 685, 96 N. E. 2d 128; *A. Winer, Inc.* v. *Review Bd., Emp. Sec. Div.* (1950), 120 Ind. App. 638, 95 N. E. 2d 214; *Nelson* v. *Review Board, Employment Sec. Div.* (1948), 119 Ind. App. 10, 82 N. E. 2d 523. The question whether a claimant is available for work so as to be entitled to unemployment benefit payments of the Act is one of fact to be determined by the Board. It is the general rule that the decision of Review Board on factual matters such as we are confronted with in this case, are conclusive and binding on the court. Sec. 52-1542 (k) Burns' 1951 Replacement. This court will not weigh the evidence but will consider only such evidence most favorable to the decision of the Board. *Carter* v. *Review Bd., Emp. Sec. Div.* (1950), 120 Ind. App. 75, 90 N. E. 2d 138; *Welch* v. *Review Board of Indiana, etc.* (1944), 115 Ind. App. 230, 58 N. E. 2d 363."

The decisions of our court with reference to the finality of findings of the Review Board were approved by our Supreme Court in *Adams et al.* v. *Review Board of the Indiana Employment Security Division et al.* (1957), 237 Ind. 63, 143 N. E. 2d 564.

The evidence most favorable to the decision of the Review Board is in substance as follows:

After appellee, Shirley K. Taylor, reported the manner in which the truck tires were damaged

after a tire was changed by a service station attendant, said appellee was given a very strong reprimand by Mr. Hohlt, of the employer. Evidence was introduced to the effect that this reprimand was unjustified. This strong reprimand caused appellee to feel sure that he was going to be fired, and, in view of the conduct of supervisory employees of employer and the strong reprimand, that he would be fired in the near future. Also, appellee felt that he would have no chance with the company any more. In the conference with appellee, Shirley K. Taylor, at the time of the reprimand, Mr. Block, Production Manager of appellant, suggested that perhaps it would be better if appellee, "moved out and make a new start somewhere." Also, it was suggested by Mr. Block that appellee perhaps might be better in another job. Appellee at the time he was employed was also given to understand that his employment was to be only temporary.

There appears to be sufficient evidence in the record to support the findings of the Review Board, or at least from which the Board could have drawn a reasonable inference that appellee, from the circumstances of this case, was justified in believing that his discharge was imminent and that he no longer had a chance to continue his employment with appellant. After reviewing all of the evidence, we cannot conclude that reasonable men would be bound to reach a different conclusion on the evidence in the record. The question of "with or without good cause" is a question of fact to be determined by the Review Board. Since the Board so determined that the appellee, Shirley K. Taylor, voluntarily quit his employment *with good cause,* we are not compelled to state as a matter of law that the facts so found by the Review Board do not constitute good cause for the voluntary quitting of the appellee.

Appellant has argued that to hold that a reprimand or criticism constitutes good cause for a person to quit his employment would open the door so as to permit any Indiana employee to quit his job after a reprimand or criticism of his work and to become entitled immediately to unemployment benefits—that such would clearly contravene the purpose and intent of the Indiana Employment Security Act which is to provide benefits for persons unemployed through no fault of their own. *Abshire* v. *Review Board of Indiana Employment Security Division* (1952), 122 Ind. App. 425, 105 N. E. 2d 902. Burns' Ind. Stat., §52-1525, cited in said case provides in part as follows:

> "The enactment of this measure to provide for payment of benefits to persons unemployed through no fault of their own, to encourage stabilization in employment, and to provide for a state employment service is, therefore, essential to public welfare; . . ."

We are inclined to agree that if we were to hold that anytime an employee quit his employment merely because of a reprimand, such would perhaps be contrary to the purpose of the Act—however, we are not taking that view. We are of the opinion that all of the circumstances affecting the reprimand in each case of voluntary quitting have to be considered, and that if there are other factors involved, such as provocation brought on by unjust reprimands or unjust discrimination between employees or any other evidentiary factors which would have strong influential effect upon the mind of the employee contributing to or causing him to voluntarily quit his employment, such contributing factors might, under certain circumstances, be considered as good cause within the purview of the Act, sufficient to enable the employee

voluntarily quitting his job to secure compensation under the Act without the statutory penalty.

Appellant argues that to explore the reasons or mental processes which led the claimant to give up his employment is not within the province of the Review Board for it would result in too variable and uncertain results. With this we cannot agree —for we are of the opinion that it is encumbent upon the Review Board as the trier of the facts to weigh and consider any and all evidence bearing upon the reason for any claimant voluntarily leaving his job in order to determine whether or not good cause is involved. If the Act provided merely that no compensation would be paid or that the waiting period penalty would attach if any employee left his employment voluntarily, omitting the words of the statute *without good cause,* then there would be involved the fact question of whether or not the employee quit his job, was fired, or was forced involuntarily to leave. However, since the burden is upon the claimant to show that he left voluntarily *with good cause,* we are of the opinion that the question of 'good cause' becomes a *question of fact* and that we cannot lay down a well-defined set of rules that would make the question of *without good cause* a question of law. We believe that the Indiana General Assembly perhaps had this view in mind when it included within the Act that provision which provides that any decision of the Review Board should be conclusive and binding as to all questions of fact. Burns' Ind. Stat., §52-1542k, *supra.* The General Assembly did set up by law certain causes by reason of which if an employee voluntarily quit he would be penalized, such as voluntarily leaving work to marry, or to perform the customary duties of a housekeeper, or to leave the locale to live with the employee's spouse, or because of other marital obliga-

tions. See Burns' Ind. Stat., §52-1539g. As to the other classes of voluntary unemployment with good cause, we believe that we should apply the maxim *expressio unius est exclusio alterius* and hold by way of omission in failing to define what is or what is not *good cause,* the General Assembly intended, as to those cases not falling within the classes so defined by law, that the determination in each instance would became a fact question to be decided first by the Claims Deputy of the Board, then on request by a referee of the Board, and finally if requested upon appeal by the Review Board, in each instance to be decided upon the basis of the circumstances attendant to the particular case.

The Award of the Review Board is affirmed.

Cooper, Myers, and Ryan, JJ., concur.

NOTE.—Reported in 170 N. E. 2d 381.