**Pamela J. BALL, Appellant (Claimant),**

v.

**REVIEW BOARD OF the INDIANA EM-PLOYMENT SECURITY DIVISION, and Avondale Welding, Appellees (Respondents).**

**No. 2–983A316.**

Court of Appeals of Indiana,
Second District.

March 5, 1984.

Ordered Published June 15, 1984.

Dennis K. Frick, Daniel J. Smith, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellees.

BUCHANAN, Chief Judge.

CASE SUMMARY

Claimant-appellant Pamela J. Ball (Ball) appeals from the denial of unemployment compensation by the Review Board of the

Indiana Employment Security Division (Review Board), challenging the Review Board's conclusion that she voluntarily left her employment without good cause in connection with work.

We reverse and remand.

## FACTS

Ball worked as an office clerk for Avondale Welding from June, 1982, until January 25, 1983, when, after an argument with her employer, she ceased work and attempted to collect unemployment compensation benefits. The Deputy's initial determination was that Ball had been discharged from employment for just cause, but the Referee, after a hearing, concluded that she voluntarily left her employment without good cause. The Review Board affirmed the Referee's decision, adopting the following Referee's findings as its own:

"FINDINGS OF FACT: The claimant worked as an office clerk, doing a little bit of everything in the employer's office. On December 6, 1982 while the employer was out of the business establishment the claimant sold one of his wreckers for $2,000.00 and deposited the money to the Industrial Bank on December 8, 1982. Employer had two bank accounts. One was his shop account with the Merchants Bank and the other was a supply account for paying bills with the Industrial Bank. The employer felt the money should have been deposited to Merchants Bank and when checking on the deposit could not find it. Employer confronted claimant about this and was told on January 25, 1983 what had happened. Claimant became upset with the employer as did the employer with claimant. The claimant then told the employer that if he didn't trust her he could take his paperwork, books, and job and shove it 'up his ass'. The employer then replied that the claimant could 'hit the door'.

CONCLUSION: The referee concludes that the claimant voluntarily quit her job without good cause in connection with the work within the meaning of the Indiana Employment Security Act under Chapter 15, Section 1. The claimant became angry and told her boss to take the job and shove it 'up his ass' and he accepted her quitting by saying that she could 'hit the door'. It appears that claimant quit rather than being discharged and the employer's response was one of acceptance of her quitting rather than being one of discharging the claimant."

*Record* at 27.

## ISSUE

Because we reverse, we need only address one issue raised by Ball:

Do the Review Board's findings support the ultimate conclusion that Ball left her employment without "good cause", although they do not address the issue whether Ball was justly or unjustly reprimanded?

## DECISION

PARTIES' CONTENTIONS—Ball proffers the Review Board's conclusion that she left her employment without good cause is not supported by the findings because there is no finding as to whether she was justly or unjustly reprimanded. The Review Board responds that the evidence supports the conclusion.

CONCLUSION—The Review Board's findings do not support the ultimate conclusion that Ball left her employment without "good cause" because they do not address the issue whether Ball was justly or unjustly reprimanded.

■ To determine if Ball left her employment without good cause we look to the Review Board's findings of fact to see if they are sufficient in law to support the decision. Ind.Code 22–4–17–12 (1982); *Fuller v. Review Bd. of the Ind. Employment Sec. Div.*, (1981) Ind.App., 423 N.E.2d 725.

■ Certain standards guide a determination as to whether a claimant should be disqualified for benefits after quitting employment. Disqualification will result if the claimant has voluntarily left employ-

ment "without good cause in connection with work ...." IC 22–4–15–1 (1982). The Review Board should not look to the peculiarities of each claimant but should apply an objective standard to determine whether a reasonable, prudent person would leave work under similar circumstances. *Dozier v. Review Bd. of the Ind. Employment Sec. Div.*, (1982) Ind.App., 436 N.E.2d 373, *trans. denied.* In defining "good cause", we are afforded specific guidance in this case by the decision in *National Furniture Mfg. Co. v. Review Bd. of the Ind. Employment Sec. Div.*, (1960) 131 Ind.App. 260, 170 N.E.2d 381.

In *National Furniture*, the Court of Appeals affirmed the Review Board's conclusion that the claimant therein had voluntarily left his employment with good cause. The claimant had been held responsible by his employer for damage to a company truck. The claimant was unjustly reprimanded in that there was no evidence of misconduct on his part. Further, the claimant was led to believe that he was about to be discharged. On appeal, the court responded to the employer's argument that a reprimand or criticism should not constitute good cause for a person to quit his employment:

> "We are of the opinion that all of the circumstances affecting the reprimand in each case of voluntary quitting have to be considered, and that if there are other factors involved, such *as provocation brought on by unjust reprimands* or unjust discrimination between employees or any other evidentiary factors which would have strong influential effect upon the mind of the employee contributing to or causing him to voluntarily quit his employment, *such contributing factors might, under certain circumstances, be considered as good cause within the purview of the Act, sufficient to enable the employee voluntarily quitting his job to secure compensation under the Act without the statutory penalty.*"

*Id.* at 270–71, 170 N.E.2d at 386 (emphasis supplied). Thus, under the circumstances of the *National Furniture* case, the unjustified reprimand received by the claimant, coupled with his belief that he was about to be discharged, satisfied the "good cause" requirement.

The Review Board's findings in the present case suggest similar considerations. The incident which resulted in Ball's leaving her work arose after she deposited funds in a company bank account other than the one into which her employer expected the funds to be deposited. The only findings relating to "good cause" are that Ball was confronted by her employer after his search for the "missing funds", that Ball explained where the funds were, and that an argument resulted in which Ball's trustworthiness was called into question. We cannot discern from such findings whether Ball was justly or unjustly reprimanded. *No finding was made that the reprimand was justified or that Ball reacted unreasonably to her employer's questioning.* Other factors may well have influenced the Review Board's conclusion that Ball left without good cause, but no findings were made from which we can gain insight into the Review Board's reasoning. "[I]t is incumbent upon the Review Board as the trier of the facts to weigh and consider any and all evidence bearing upon the reason for any claimant voluntarily leaving his job ...." *Id.* at 271, 170 N.E.2d at 386. And it is also the Review Board's duty to make findings that reveal its analysis of the evidence. *Perez v. United States Steel Corp.*, (1981) Ind., 426 N.E.2d 29. Left only with findings that leave this question open, we can only conclude that the Review Board's findings do not support its "good cause" determination, and the decision must be reversed.

Reversed and remanded for proceedings consistent with this opinion.

SHIELDS and SULLIVAN, JJ., concur.