BLAKE, Appellant, v. GUNDERSON et al, Respondents.

(195 N. W. 653.)

(File No. 5498.   Opinion filed November 1, 1923.)

**1.   Deeds—Consideration—Presumptions—Validity and Consideration Presumed Until Contrary Shown.**

Under Rev. Code 1919, Sec. 848, the validity of and the adequacy of consideration for a deed are presumed from the deed itself until the contrary is shown.

**2.   Trial—Findings Should Be of Ultimate Facts; "Facts."**

Rev. Code 1919, Sec. 2526, requiring separate findings of facts and conclusions means ultimate facts not evidential facts, statements of testimony, or comments on evidence or its effect.

**8.   Trial—Appeal and Error—Findings Held Not of Ultimate Facts and Insufficient.**

A statement by the court in an action to enjoin a sheriff's sale of land in effect that testimony on a particular matter was not satisfactory, that other testimony was not convincing, and further commenting on particular evidence, held not findings of ultimate facts and insufficient to support the judgment.

Appeal from Circuit Court, Mellette County; Hon. N. D. Burch, Judge.

Action by Addie Blake against C. H. Gunderson and Chris Buum, as sheriff of Mellette County. From judgment for defendants, plaintiff appeals. Reversed and remanded, with directions.

*W. J. Hooper,* of White River, for Appellant.

*Gunderson & Gunderson,* of Vermillion, for Respondents.

(1)   To point one of the opinion, Appellant cited: Gaines v. White, 1 S. D. 434; Farmers Loan Trust Co. v. Canada and St. L. R. R. Co., 11 L. R. A. 747.

(2) and (3)   To points two and three, Appellant cited: McKenna v. Whittaker, 9 S. D. 442; Gull River Lumber Co. v. School Dist. No. 39, 1 N. D. 500, 48 N. W. 427; Anderson v. Alseth (S. D.), 66 N. W. 320; Jandt v. South, 2 Dak. 46, 47 N. W. 779; Kierbow v. Young, 21 S. D. 180; Thomas v. Issenhuth, 18 S. D. 303, 100 N. W. 436; Davison v. Kellar, 35 S. D. 285.

Respondent cited: Naddy v. Dietze, 86 N. W. 753; 8 Enc. Pl. & Prac., 277; Gull River Lbr. Co. v. School Dist. No. 39, 48 N. W. 427; Anderson v. Alseth, 66 N. W. 320; Jonat v. South,

47 N. W. 779; Farmers Loan & Trust Co., 11 L. R. A. 474; Thomas v. Issenhuth, 100 N. W. 437; McPherson v. Swift, 116 N. W. 79.

POLLEY, J.   This action was brought to enjoin the sheriff of Mellette county from selling a quarter section of land at execution sale.   The title to the land was in one Ida Swan.   She and her husband Anzie Swan were indebted to the defendant Gunderson.   Gunderson was demanding immediate payment and threatened to commence suit if payment was not made. The Swans thereupon conveyed the land, together with all their personal property, to Addie Blake, the plaintiff in this action, and who is the mother of Anzie Swan.   The deed conveying the land and the bill of sale of the personal property were executed without the knowledge of the grantee and were filed for record, and the recording and filing fees paid by the Swans before the deed or bill of sale were delivered to said grantee.

Gunderson procured judgment on his claim against the Swans and levied an execution on the land.   Addie Blake, the grantee in the deed, claiming to be the owner of the land, then commenced this action to prevent a sale under the execution.   The trial court made purported findings of fact in favor of defendant, and entered judgment dismissing the action and dissolving a temporary injunction that had been issued at the commencement of the suit.   From this judgment plaintiff appeals on the sole ground that the findings of fact do not support the judgment.

The only facts other than as above stated that in any way tend to impeach the conveyance from the Swans to appellant are stated by the trial court as follows:

"That the testimony of the indebtedness offered by the plaintiff is not satisfactory.   Plaintiff claims to have loaned currency in large sums, earned from boarding houses run by her in Sioux City, Iowa.   The manner of doing the business and the enormous profits of the boarding houses, as testified to by the plaintiff, is not convincing.   Neither was the testimony of the son, Anzie Swan.   An examination of the notes given as evidence of the debt disclosed that one is dated Jan. 2. 1920, and the revenue stamps thereon are dated 1-2-21 with initials L. J. B., presumably initials of the husband of plaintiff; the ink appears fresh on all the notes; and the stamp appears to be new.   That there is some

testimony to the effect that the palintiff had stated in May, 1921, that she did not have any notes against the Swans.

"That said Anzie Swan and Ida Swan by the conveyance of all their property deeds and bill of sale to the plaintiff, Addie Blake, thereby rendered themselves insolvent."

[1] This is not a statement of any ultimate fact. At best, it is only a rambling comment on the testimony, or a resume of the evidence from which different inferences of fact may be drawn. The deed conveying the title to the land is valid as between the parties thereto, and is presumed to be valid as to every one else until some reason to the contrary is shown. The deed itself is presumptive evidence of consideration (section 848, R. C. 1919), and there is no finding of fact that there was not an adequate consideration for the deed, or that it was executed to hinder, delay, or defraud creditors.

[2, 3] Under the provisions of section 2526, R. C. 1919, the facts as found by the court and the conclusions of law must be separately stated. This means the ultimate facts, not evidential facts nor statements of testimony nor comments on the evidence or its effect, but the necessary inferences of fact to be drawn from all the evidence.

The correct rule as to findings of fact and conclusions of law was announced by the Supreme Court of North Dakota under a statute identical with ours, in Gull River Lumber Co. v. School District No. 39, 1 N. D. 500, 48 N. W. 427, and has been followed by this court ever since. Davison v. Kellar, 35 S. D. 285, 152 N. W. 106. This rule has not been followed in this case, and there are no findings of fact sufficient to support the judgment.

The judgment appealed from is reversed, and the cause is remanded, with directions to the trial court to make findings of fact and conclusions of law pursuant to the provision of section 2526, R. C. 1919.

Note.—Reported in 195 N. W. 653. See, Headnote (1), American Key-Numbered Digest, Deeds, Key-Nos. 195, 196(1), 18 C. J. Secs. 501, 499; (2) Trial, Key-No. 395(5). 38 Cyc. 1980; (3) Trial, Key-No. 395(5), 38 Cyc. 1980.