## Welch *v.* Review Board of Employment Security Division of Indiana.

[No. 17,307.   Filed December 27, 1944.]

*Jesse W. Peden,* of Indianapolis, for appellant.

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Assistant Attorney General, and *Fred R. Bechdolt,* of Indianapolis, for appellee.

DOWELL, P. J.—This appeal reaches us upon assignment that the following decision of the Review Board of the Unemployment Security Division is contrary to law:

> "The decision of the Referee in Case No. 44-A-481 sustaining the initial determination of the local Claims Deputy that the claimant is not available for work is hereby affirmed, such unavailability being determined as having commenced on March 27, 1944, and to have continued until he accepted employment on May 3, 1944."
>
> "Dated this 27th day of June, 1944."

The decision is founded upon a statement of facts, points and authorities, and findings and conclusions of the board of the following tenor:

> "The claimant is a machinist by trade and has been employed at a number of industrial establishments in Indianapolis. He formerly worked in Ohio and stated that he was intending to return there for residence, if and when he obtained housing facilities. The possibility of his going to Ohio was dependent upon his obtaining suitable housing. He had no definite assurance as to the time that such housing facilities would be available, or that such housing could, in fact, be obtained. He knew that the housing situation was critical in the area to which he anticipated going and that his efforts

to obtain housing had been unsuccessful. He had no definite assurance of obtaining work in Ohio. He accepted employment in Indiana on May 3, 1944, being a few days after his having made a personal and unsuccessful attempt to secure housing facilities in Ohio.

"The claimant terminated his employment in Indianapolis on or about March 9, 1944, and since that date has failed to accept referrals to a number of jobs in Indianapolis, stating that he did not accept because he expected shortly to move to Ohio for residence. He also gave various other reasons for such refusals. In several other instances he was refused work by various employers.

"Claimant appeared to be physically and mentally able to work at his usual trade. The work referrals which he failed to accept were within the skill of claimant, and the pay was at the rate prevailing for similar work in the locality."

## POINTS AND AUTHORITIES OF THE REVIEW BOARD.

"The applicable parts of Section 7 and Section 7 (c) of the Indiana Employment Security Act read as follows:

'7. An unemployed individual shall be eligible to receive benefits with respect to any week only if:

'(c) He is physically and mentally able to work and is available for work . . . .' "

## FINDINGS AND CONCLUSIONS BY THE REVIEW BOARD

"After due and careful consideration of the facts disclosed by the evidence and of the law applicable to this case, the Review Board does now find that claimant from and after March 27, 1944, has been unavailable for work within the meaning of the Indiana Employment Security Act, due to the following reasons:

"1. During the period from March 27, 1944, claimant made bona fide and diligent attempts

to obtain housing and employment in Ohio, personally and through other means, although at no time were there definite assurances of his obtaining either housing accomodations or employment there.

"2. (Claimant refused to accept numerous referrals to suitable work in his employment area. His refusals were based on his plans to return to Ohio for residence if and when he could obtain accommodations and on his self-imposed conditions of accepting no work in his employment area except on a temporary basis.

"3. He refused to consider employment in jobs at less than his usual skill, although these jobs were the only jobs available on a temporary basis.

"Under the above circumstances, claimant effectively removed himself from the labor market in his employment area and was unavailable for work within the meaning of the Indiana Employment Security Act. He returned to the labor market and became available for work on or about May 3, 1944, at which time he apparently determined that housing accommodations probably could not be obtained in Ohio. This is indicated by the fact that he accepted employment in Indianapolis, Indiana, on May 3, 1944, immediately upon his return from Ohio, where he had unsuccessfully attempted to obtain housing.

"Benefits payments are not pension grants. They are payments made only to those persons who are qualified to receive them under the statutory eligibility requirements. The Indiana Employment Security Act was enacted for the purpose of providing financial aid to eligible persons unemployed *through no fault of their own*, during the period that employers are unable to provide them with suitable work for reasons beyond the control of the *employee*, and while the employee is looking for work, but is unable to find it. The benefit payments are intended to provide a cushion against the distress caused by such *involuntary* unemployment.

"The facts as presented certainly do not qualify this claimant for benefit payments. It is, therefore, concluded that claimant, through his own choice, has not been available for work within the meaning of the Indiana Employment Security Act."

Section 52-1507, Burns' 1943 (Supp.) provides that an unemployed individual shall be eligible to receive benefits with respect to any week only if (a) he has made claim for benefits in accordance with provisions of the act, (b) has duly registered for work at an employment office or branch ànd has reported three or four times a week thereto, (c) is physically and mentally able to work and available for work, etc.

The evidence is undisputed that appellant had complied with the requirements under (a) above and that he had registered for work with the United ■ States Employment Service. There is, however, a total lack of evidence that he reported to this employment office more often than once each week. There is also no question but that appellant was physically and mentally able to work. As to availability for work, the evidence is somewhat conflicting, though it flows solely from the testimony of appellant himself. It has been held, however, that evidence may be conflicting although arising out of the testimony of a single witness and undisputed, so as to raise a question of fact. See *Cole* v. *Sheehan Construction Co.* (1944), 222 Ind. 274, 53 N. E. (2d) 172.

Appellant was employed at Stewart Warner Inc. at a wage of $1.20 per hour until March 9, 1944, when he was laid off because of curtailment of production. Thereafter he was referred in nine separate instances to employment by the United States Employment Service at jobs requiring his skill as a machinist at pay equal to the prevailing wage for such work in the community,

each of which he refused to accept, his reasons varying from objections to surrounding conditions, smallness of the shop, junky machinery, etc., to a desire to get out of the city to Cuyahoga Falls, Ohio, where, as he said, he could get a better job with better working conditions. Appellant stated that he went to Ohio and was definitely promised a job there, it being contingent upon his ability to obtain a house in which to live, although his statement to this effect was somewhat inconsistent with other statements. In the hearing before the referee appellant testified that he was not interested in a job in Indianapolis because he was pretty sure he would obtain the house and accept the Ohio job. He further stated that he did not care whether he had a job in a machine shop or any place else—he could get along without it; that he did not want to take a certain job in Indianapolis and then have trouble getting a separation report when the Ohio job became available and that he could afford to sit around for a month or two.

There was, therefore, evidence to sustain the findings of the board on the matter of availability. This being a question of fact the decision of the board thereon is conclusive and binding upon us though the evidence may be such that another result might have been reached. §52-1508, Burns' 1943 (Supp.) Subsection (1).

Affirmed.

NOTE.—Reported in 58 N. E. (2d) 363.