CARTER *v.* REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 17,995.   Filed February 10, 1950.]

*Sydney L. Berger,* of Evansville, for appellant.

*J. Emmett McManamon,* Attorney General, *James A. Watson,* Deputy Attorney General, *Glen F. Kline,* Chief Counsel, Indiana Employment Security Division, *Arthur R. Donovan;* and *Kahn, Dees, Donovan & Kahn,* all of Evansville, for appellees.

WILTROUT, J.—The only issue presented by this appeal is whether there is any evidence to sustain the finding of the Review Board that appellant had been discharged for "misconduct in connection with his work" within the meaning of that phrase as used in § 1501 of the Indiana Employment Security Act, Acts of 1947, ch. 208, p. 673; Burns' 1933 (1949 Supp.), § 52-1539.

In addition to his duties as night watchman, the appellant was required to perform certain cleaning and sweeping duties in the employer's establishment. Instructions as to his duties were at first given to him verbally, but for the four nights of April 4, April 5, April 6, and April 9, 1949, definite instructions outlining four specific duties to be performed each night were given in writing. A foreman testified that of the sixteen work assignments given over the period of four nights, no work had been performed on eight of the assignments, and the work on the others ranged from fair to very poor.

The Review Board found that appellant's failure to carry out in any manner at least half of the some sixteen specific duties assigned to him over a period of four nights constituted wilful disregard of the employer's rights and interests in the matter, and that such wilful disregard amounted to misconduct in connection with appellant's work.

Appellant contends that the evidence shows only inefficiency, unsatisfactory conduct, or error in judgment on his part, and not misconduct.

There was evidence, and reasonable inferences which the board could draw therefrom, from which the board could have legitimately concluded that the cleaning and sweeping duties assigned to appellant were simple in character; that he was capable of performing them; that he failed to do so; and that his failure was wilful and intentional, and not due to his lack of capability.

There was therefore, evidence to sustain the facts found by the board. Such finding of facts is conclusive and binding. Burns' 1933 (1949 Supp.), § 52-1542k; *White* v. *Review Board of Indiana, etc.* (1944), 114 Ind. App. 383, 52 N. E. 2d 500.

We cannot say, as a matter of law, that appellant's wilful failure to perform his assigned duties, under the evidence in this case, was not misconduct. 48 Am. Jur., Social Security, Unemployment Insurance, etc., § 38, p. 541.

Affirmed.

NOTE.—Reported in 90 N. E. 2d 133.