ALLIS-CHALMERS MANUFACTURING COMPANY *v.* REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 18,149. Filed May 4, 1951.]

*Joseph J. Daniels; G. R. Redding; Earl J. Stipher;* and *Baker & Daniels* (of counsel), all of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General, and *Glen F. Kline,* Deputy Attorney General, for appellees.

WILTROUT, C. J.—The issue before the Review Board was whether or not claimant, the appellee Sallie H. Maesch, was discharged by her employer, the appellant, for misconduct in connection with her work and thereby became ineligible for waiting period or benefit rights under the provisions of § 1501 of the Indiana Employment Security Act, Burns' 1951 Replacement, § 52-1539.

The Review Board, by a majority of its members, decided that claimant's discharge was not for such misconduct. We are asked to review that decision.

The claimant was employed by appellant on a job in which her compensation was computed on a piecework basis. Evidence was submitted that upon the completion of a job she turned in a report showing the number of pieces completed. A foreman counted the pieces. Another count was made by the foreman, a representative of appellant's personnel department, and a committeeman representing claimant's union. There was testimony that these counts revealed a lesser number than claimant had reported.

Evidence was also introduced that on a previous occasion claimant reported the completion of work on more pieces of work than was revealed by subsequent counts.

Claimant testified that the counts which she submitted were correct and that she had never at any time falsified a ticket.

The Employment Security Act contemplates that the Review Board shall make a finding of facts. Burns' 1951 Replacement, § 52-1542k.

The Review Board, after summarizing the evidence introduced, made what purports to be a finding of facts, but which in our opinion is not such. Much of it consists of arguments, the validity of some of which are questionable, as well as conclusions of law, and there is also some speculation and conjecture.

The misconduct which the employer attempts to show is the reporting by claimant of the completion of more units of work than she actually completed. There is no specific finding as to whether or not claimant made an incorrect report, and if so, of facts from which it can be determined whether or not such incorrect reporting amounted to misconduct in connection with her work.

Decision reversed and cause remanded with instructions to make findings of fact and decision thereon.

NOTE.—Reported in 98 N. E. 2d 512.