YOUNGSTOWN SHEET AND TUBE COMPANY *v.* REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION ETC., ET AL.

[No. 18,399.   Filed January 15, 1954.]

*Allen P. Twyman,* of East Chicago, for appellant.

*Edwin K. Steers,* Attorney General, *William S. Mc-Masters,* Deputy Attorney General, Counsel for all appellees except George Bon. *Samuel Ruff,* of East Chicago, and *Jay E. Darlington,* of Hammond, for appellee George Bon.

KENDALL, P. J.—Appellant brings this appeal from a decision of the Review Board of the Indiana Employment Security Division under §52-1542(k), Burns' 1951 Replacement.

Appellee George Bon, hereafter referred to as the claimant, had been an employee of the appellant for thirty-four years and voluntarily retired March 30, 1952, to accept benefits of a pension plan existing in accordance with the bargaining agreement between appellant and the bargaining agent for the claimant. The claimant made application for unemployment benefits on March 31, 1952. A hearing was held by the Claims Deputy which resulted in a decision in favor of the claimant. The Claims Deputy was sustained by the Appeals Referee who held that the claimant was available for work and was physically able to work and therefore eligible for benefits under §1403 of the Unemployment Security Act of 1947, being §52-1538(b), Burns' 1951 Replacement. The decision of the Appeals

Referee was then appealed to the Full Board which held that the claimant was available for work during the period in question, to-wit: May 18, 1952, to August 26, 1952, and entitled to benefit rights subject, however, to being reduced weekly by the amounts he received under the employer's pension plan.

The appellant appeals to this court assigning as the only error that the decision of the Review Board is contrary to law.

The question presented by the issues thus formed is whether appellee George Bon was available for work within the meaning of the Indiana Employment Act.

This is a companion case to #18,398 in this court between the same parties and factually both cases concern the unemployment benefits of Mr. Bon. In cause #18,398, the Review Board rendered its Findings and Conclusions in part as follows:

> " 'The Review Board further finds that when a claimant voluntarily retires from his employment, it is presumed, until the contrary is established, that such claimant intends to permanently leave the labor market.
>
> " 'The Review Board further finds that the claimant failed to appear at the Referee Hearing to offer evidence as to his ability and availability for work.
>
> " 'The Review Board therefore finds that the claimant was unavailable for work and ineligible for his benefit rights on March 30, 1952, to May 8, 1952, the date of his hearing before the Referee, . . .' "

which decision of the Review Board this court affirmed.

The decision of the Review Board pertinent to a determination in this case in part is as follows:

> " 'The Review Board finds that the claimant, a man seventy years of age was employed by the employer involved herein from April, 1918 to March 30, 1952; and that on the latter date he was retired in accordance with a pension plan of the employer.

" 'The Review Board further finds that the claimant received a monthly pension of $45.20 from this employer.

" 'The Review Board further finds that from May 18, 1952 to August 26, 1952, the period involved herein, the claimant, in addition to registering for work made a reasonable effort to secure work.

" 'The Review Board further finds that taking into consideration the claimant's age and physical capacity, he has placed no undue restrictions upon his employability; that he has made a reasonable effort to secure work and that he has been available for work during the period from May 18, 1952 to August 26, 1952.

" 'The Review Board further finds that the claimant's monthly pension from the employer reduced to a weekly basis equals $10.57; and that his weekly benefit amount should be reduced accordingly.

" 'Decision:

" 'The Review Board holds that the claimant was available for work during the period involved herein and entitled to his benefit rights, subject to being reduced by $10.57 weekly, the amount of his pension under the pension plan of this employer.' "

This court is therefore presented with the question of whether there was sufficient evidence to sustain the finding of the Review Board of the Indiana Employment Security Division that the appellee, George Bon, was entitled to benefits of the Indiana Employment Security Act for the period of May 18, 1952 to August 26, 1952.

The evidence shows that the claimant was looking for a job but could not get one; that he was seventy years of age; that at the time he retired from appellant's corporation he had smashed fingers and was doing sweeping and cleaning, but other than the finger injury he had no physical ailment; that he filed his claim for benefits on March 31, 1952; that he sought employment at small bowling alleys, restau-

rants and retail stores; that he had asked for clean-up and janitor jobs but that a lot of people were out of work; that he did not know the names of the people whom he had contacted for employment; that he could not get a factory job on account of his age but was able to do light work; that the claimant could not identify the places where he sought employment; that he did not attend the first hearing (#18,398) although he received notices and letters but did not know what they were. There was evidence by a Claims Deputy that the record showed two names of people the claimant contacted for employment which claimant gave when he registered for work but that in addition he had contacted small grocery stores. The Appeals Referee took judicial knowledge that during the period in question there was in progress in the city where claimant sought employment a nation-wide steel strike.

Upon the evidence introduced, the Board, in affirming the decision of the Referee held that the claimant was available for work and was eligible for benefits for the period involved. It is a well-recognized rule of law that in matters of this kind this court cannot disturb the decision unless reasonable men would be bound to reach a different conclusion on the evidence. *Miles* v. *Review Bd., Emp. Sec. Div.* (1951), 120 Ind. App. 685, 96 N. E. 2d 128; *A. Winer, Inc.* v. *Review Bd., Emp. Sec. Div.* (1950), 120 Ind. App. 638, 95 N. E. 2d 214; *Nelson* v. *Review Board, Employment Sec. Div.* (1948), 119 Ind. App. 10, 82 N. E. 2d 523.

The question whether a claimant is available for work so as to be entitled to unemployment benefit payments of the Act is one of fact to be determined by the Board. It is the general rule that the decision of the Review Board on factual matters such as we are confronted with in this case, are conclu-

sive and binding on the court. Sec. 52-1542(k) Burns' 1951 Replacement. This court will not weigh the evidence but will consider only such evidence most favorable to the decision of the Board. *Carter* v. *Review Bd., Emp. Sec. Div.* (1950), 120 Ind. App. 75, 90 N. E. 2d 138; *Welch* v. *Review Board of Indiana, etc.* (1944), 115 Ind. App. 230, 58 N. E. 2d 363.

After the claim for benefits was filed, the undisputed evidence shows that the claimant registered for work and that he sought employment in types of jobs a man of his age could perform and that he was physically able to work. There is not any evidence of the refusal of said claimant to accept any type of employment, neither is there evidence where claimant had not placed himself in the labor market as found by the Review Board; neither is there evidence of bad faith on the claimant's part. We have searched the record and fail to find any evidence whereby claimant failed to make a reasonable effort to secure work, as determined by the Review Board.

In the case of *Walton* v. *Wilhelm* (1950), 120 Ind. App. 218, 91 N. E. 2d 373, and which case was approved by this court in *Miles* v. *Review Bd., Emp. Sec. Div. supra,* this court said:

"The phrase, 'available for work' is not defined by statute, nor are we able to formulate a definition thereof which will serve as an infallible guide. Whether an individual is 'available for work' within the meaning of our statute must necessarily depend in each case upon the facts and circumstances surrounding that case, considered against the background of the purposes of the legislation and the objectives at which it aims." *Nelson* v. *Review Board, Employment Sec. Div., supra;* 55 Law Journal, page 124.

The section of the statute dealing with unavailability is §52-1538(b) Burns' 1951 Replacement.

In the case of *Nelson* v. *Review Board, Employment Sec. Div., supra,* the Board held that the employee was not available for work which Board was reversed by this court for the reason that the uncontradicted evidence showed there was evidence of availability, and, in reversing, this court said:

"This court judicially knows that job opportunities are limited to individuals 70 years of age and over, and the record does not disclose a complete lack of effort to seek work on the part of the claimant or a refusal to accept any type of employment on the part of the claimant. It seems clearly apparent from a consideration of the circumstances that the failure of the claimant to make a further independent search for work was not the proximate cause of his continued unemployment. . . . The availability test must be applied with a full consideration of the facts and circumstances of the particular case. There must be some basis for an inference that with some effort on behalf of claimant he could reasonably be expected to find work for himself. Such basis does not exist in this case."

We therefore hold in accordance with the well-established law of this state that there was evidence by which the Review Board might reasonably infer that the claimant had established his availability for work, and, failing to find employment, was entitled to unemployment benefits.

Judgment affirmed.

Achor, J. and Kelley, J. not participating.

NOTE.—Reported in 116 N. E. 2d 650.