NORDHOFF *v.* REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

Filed March 16, 1959.]

*Nordhoff & Nordhoff,* of Jasper, and *McNutt, Hurt & Blue,* of Martinsville, for appellant.

*Edwin K. Steers,* Attorney General, and *Keith Campbell,* Deputy Attorney General, for appellee Review Board.

*George P. Ryan, Alan T. Nolan* and *Ross, McCord, Ice & Miller,* of counsel, all of Indianapolis, for appellee General Electric Company.

KELLEY, J.—Appellant, aged 24, a resident of Jasper,

Indiana, was employed by appellee, General Electric Company, Tell City Tube Plant, Tell City, Indiana, as a mounting operator, for approximately five and one-half years, and from 1954 to May 29, 1957, worked at said appellee's plant in Tell City, Indiana. The Board found that Jasper, Indiana, is a distance of 42 miles from Tell City, Indiana, appellant's place of employment. During the period from 1954 to May 29, 1957, appellant commuted between her home in Jasper and her employment in Tell City by riding with another employee to whom she paid therefor the sum of $6.00 per week. On May 29, 1957, appellant, being then pregnant with child, was accordingly granted leave from her employment and a child was born to her on August 5, 1957. Said leave expired on October 5, 1957. On October 8, 1957, said appellee employer received the following letter from appellant:

"General Electric Company:

Since my pregnancy leave I have decided not to return to work because it is too far from my home and the drive is too hard on me.

I enjoyed working for G. E. and hope my six years of employment was satisfactory too. Thank you."

On October 22, 1957, the Deputy for the local office determined that appellant voluntarily quit her work without good cause. Thereafter, appellant filed a request for hearing before the Referee and oral testimony of the employer and appellant was taken.

Appellant testified that her ride with the other employee was no longer available; that she attempted to get a ride with another lady but the latter already had a load; that she and her husband own an automobile and that she could drive it; that "considering the wear and tear on the car" to drive her own car alone would cost her two or three times as much per week as she

formerly paid to ride with the other employee; that her "take home" pay was approximately $52.00 per week; that in her letter to her employer (above quoted) she did not explain everything because she didn't think it was necessary "since I didn't have a way, that is why I wrote that in, and by saying it was too hard alone—I meant the trip alone—to travel alone was too hard"; that if it weren't for the fact that it was too expensive she would be willing to drive her own car; that she was physically able to work and was available for work; that the sole reason for leaving her work was that she had lost her transportation; that there is no public transportation between Jasper and Tell City; that she would return to her employment if she had transportation.

The Referee concluded that appellant "had good cause for leaving on October 8, 1957. A loss of transportation to work has been generally held to be good cause for one's leaving of their employment." The appellee employer filed a request for a review of this conclusion of the referee. The Review Board, and its finding and conclusions, recited that:

> "Although the claimant testified at the referee's hearing that her reason for not returning to work was lack of transportation, the Board finds that at the time of quitting, the only reason given to the employer was that the distance of travel was too great and too hard on the claimant.
>
> "The Board further finds that claimant was physically able to work and from the claimant's own testimony, she would be willing to travel the distance to the employer's place of business if she had transportation."

The Board then concluded:

> "The Board concludes that *the question before it is* to determine *whether or not the reason or reasons given by the claimant at the time of her quitting constitute good cause.*

"The Board concludes that from the evidence claimant did not have good cause for quitting her employment *for the reason that it was too great a distance to travel and that it caused an undue physical hardship on the claimant.*

"The Board further concludes that the employer had a right to rely upon claimant's own statement as to her reason for refusing to return to work."

The Board then reversed the decision of the referee and entered its decision that appellant left her work voluntarily and without good cause on October 8, 1957.

The decision of the Board stated that the statutory provision involved is Indiana Employment Security Act, Sec. 1501, Burns' 1957 Supplement, Sec. 52-1539. That section provides that "An individual shall be ineligible for waiting period or benefit rights: For the week in which he has left work voluntarily without good cause . . ."

The question of whether appellant voluntarily quit her work with or without good cause is primarily a fact question for the Review Board. And the question of what is good cause must ultimately be determined in the light of all the facts of the particular case. It is provided by statute, Sec. 52-1542k. Burns' 1957 Supplement, that any decision of the review board shall be conclusive and binding as to all questions of fact.

The statutory provision last above cited could hardly have effective application unless the review board has considered and weighed all the evidence given in the case determined. Upon the record before us in the instant matter of review, it appears that the review board, although making some reference to a part of appellant's testimony before the referee, confined and limited its determination on the issue of good cause to "the reason or reasons given by claimant at the

time of her quitting." The evidence which appellant was permitted to give before the referee concerning the facts upon which she predicated her claim of good cause for quitting her employment and in asserted explanation of her letter to her employer was apparently refused consideration by the board.

It is now well established in this State that this court cannot disturb the decision of the board unless reasonable men would be bound to reach a different conclusion *on the evidence. Youngstown Sheet & Tube Company* v. *Review Board, etc.* (1954), 124 Ind. App. 273, 277, 116 N. E. 2d 650. As the case now stands, we are without knowledge as to what the decision of the review board would be upon the evidence and, consequently, we are unable to determine whether reasonable men would be bound to reach a conclusion different from that of the board on the evidence.

There was no evidence introduced to contradict appellant's evidence. The board, of course, is not held to conformity to "common law or statutory rules of evidence and other technical rules of procedure" (Burns' Sec. 52-1542e, 1951 Replacement) but we do not think such liberality bestows on the board the right to ignore competent evidence. ". . . the trial court may not refuse to consider and weigh competent, uncontradicted evidence. Such a refusal by the trial court is not weighing the evidence, but ignoring it." *Egbert* v. *Egbert, et al.* (1948), 226 Ind. 346, 352, 80 N. E. 2d 104.

This cause is remanded to the Review Board with instructions to vacate and set aside the decision herein appealed from; to thereupon and forthwith enter its conclusions and decision based upon a consideration of all the evidence in the cause;

and to give the parties notice of such decision as provided by statute. And said board shall, if so requested by either of the parties to said cause within fifteen (15) days from the date of mailing of such decision, certify to the Clerk of this court, as a part of the record in this review, the proceedings, findings, conclusions, and decision of said Board, made and entered by it pursuant to the hereinabove remand and instructions. If no such request for certification is made by either of said parties within the time aforesaid, then the decision of said board, made pursuant hereto, shall thereupon be and become final and effective as provided by statute in the case of an original decision.

NOTE.—Reported in 156 N. E. 2d 787.