DORMEYER INDUSTRIES *v.* REVIEW BOARD OF THE INDIANA SECURITY EMPLOYMENT DIVISION ET AL.

[No. 19,665. Filed June 21, 1962.]

John W. Barce, George Vann, and Barce & Barce, all of Kentland, for appellant.

Edwin K. Steers, Attorney General, and Keith Campbell, Deputy Attorney General, for appellees.

AX, J.—This action is an appeal by the appellant, Dormeyer Industries, from the decision of the Review Board of the Indiana Employment Security Division allowing benefits to the claimant-appellee, Margaret Mailloux, on a claim filed by said claimant-appellee with the Lafayette Office of the Indiana Employment Security Division. The Local Office claims deputy denied benefits to said claimant-appellee for the reason that said claimant voluntarily quit her employment with the appellant, Dormeyer Industries, without good cause.

From the decision of the Local Office claims deputy said claimant-appellee, Margaret Mailloux, requested and was granted a hearing before a claims referee who affirmed the decision of the local claims deputy. The claimant-appellee properly appealed the decision of the claims referee to the Review Board of the Indiana Employment Security Division wherein said Review Board, without the introduction of any additional evidence, and based upon the prior record, reversed the decision of the claims referee and allowed said claimant-appellee benefits.

Appellant has brought the appeal assigning as error that the decision of the Review Board of the Indiana Employment Security Division is contrary to law.

Appellant contends (1) that the decision is contrary to law because the Review Board failed to make specific findings of fact to support the decision, and (2) that the facts found are insufficient to sustain the decision because the findings of the Review Board show as a matter of law that appellee voluntarily quit her employment without good cause. In support of its first contention appellant cites Burns' Indiana Statutes Annotated 1960 Supplement §52-1542k, which provides in part as follows:

> "Any decision of the Review Board shall be conclusive and binding as to all questions of fact . . .
> ". . . An assignment of errors that the decision of the review board is contrary to law, shall be sufficient to present both the sufficiency of the facts found to sustain the decision, and the sufficiency of the evidence to sustain the finding of facts . . ."

Also appellant argues that in the case of *Allis-Chalmers Mfg. Co.* v. *Review Board of the Indiana Employment Security Division*, (1951), 121 Ind. App.

227-229, 98 N. E. 2d, 512, this Court, speaking through Chief Judge Wiltrout, says:

"The Employment Security Act contemplates that the Review Board shall make a finding of facts." Burns' 1951 Replacement, §52-1542K.

With that statement of Judge Wiltrout we are without dissent. However, we are of the opinion that the Review Board in the instant case did make a specific finding of facts as is found in its decision which, omitting the caption, is as follows:

"STATUTORY PROVISION INVOLVED: Indiana Employment Security Act, §1501, Burns' 1959 Supp., §52-1539 (hereinafter referred to as the Act).

CASE HISTORY — SOURCE OF APPEAL: Claimant appealed to the Review Board from the referee's decision that she voluntarily left her work without good cause. Claimant appeared in person, with a union representative, before the Review Board on May 11, 1961, where the employer did not appear but requested review on the record.

STATEMENT OF FACTS: The claimant, aged 31, is married and the mother of three children. She had worked in this employer's "pool test department" about two years, when she left her work on November 11, 1960, because she was convinced she could not continue under the circumstances. The claimant was a recent convert to the Catholic faith and, as the 1960 election approached, a young man (17) repeatedly made such derogatory remarks to her as, that he did not know what the country was coming to; or that it would be bad to have a Catholic President, because all Catholics were communists. Also, she was under conflicting orders as to whether or not this same young man, an inspector-trainee whom she was supposed to help train, had any authority over her or whether she should continue to look solely to her department supervisor for her orders. This young inspector-trainee

would assert authority or question what she was doing, when she thought she was carrying out the proper orders of her superior. On one occasion, when she and this trainee were working together, she suggested to him that they reconcile their differences and try to get along. This, however, they were never able to do.

Claimant referred her problems to higher authority and complained to them about certain work methods and orders as they were carried out, all in connection with the relationship between herself and said inspector-trainee. Claimant received no definite clarification, however, as to the relative status of herself and the trainee and was admonished that they were to get along together. It is not evident, however, that the employer made any effort to correct the young man's behavior. The evidence indicates that she was above the average in literacy, intelligence, and sense of responsibility in her work of testing and inspecting coils; that her ". . . work was very good and she is more or less a perfectionist . . .; the evidence also indicates that claimant is tempermental and officious, but that her sole difficulty was in her employment relationship to this young trainee.

FINDINGS AND CONCLUSIONS: The disparaging remarks about her religion may have been only unfeeling teasing or 'kidding,' but it was also the unfunny kind that can be seriously upsetting to any sensitive person. The relationship between the claimant and her fellow employee, and eventually between herself and the company, resulted in such an impasse that the claimant was compelled, in her own mind, to quit her job, although she was enthusiastic about the work and did not want to leave it. The employer did nothing to retain the claimant's services.

The referee found that the circumstances under which the claimant left were somewhat confusing; that as a result of the accumulating circumstances of this separation, the employment relationship of this employer and this claimant reached a point where no alternative was available to the employer but to separate her. The

majority of the Board believes that this doubt should be resolved in the claimant's favor. Whether or not the claimant had good cause to leave his work in any case is a fact question to be decided upon the basis of the circumstances attendant to the particular case. *National Furniture Mfg.* v. *Review Board* (1960), —— Ind. **App.** ——, 170 N. E. 2d 381. The claimant in the instant case did not leave her work voluntarily without good cause.

DECISION: The referee's decision in his case No. 60-A-2553, issued January 26, 1961, is hereby reversed.

> REVIEW BOARD
> Douglas J. Morris, Chairman
> William G. Johnson, Member

Frank C. McAlister, Member, dissents."

In the *Allis-Chalmers* case, *supra*, cited by appellant, Judge Wiltrout stated:

> "The Review Board, after summarizing the evidence introduced, made what purports to be a finding of facts, but which in our opinion is not such. Much of it consists of arguments, the validity of some of which are questionable, as well as conclusions of law, and there is also some speculation and conjecture.
>
> "The misconduct which the employer attempts to show is the reporting by claimant of the completion of more units of work than she actually completed. There is no specific finding as to whether or not claimant made an incorrect report, and if so, of facts from which it can be determined whether or not such incorrect reporting amounted to misconduct in connection with her work."

Under the particular facts and circumstances of the case before us, the one and only issue submitted to the Board by the claim for benefits of the appellee, Margaret Mailloux, under the provisions of the Em-

ployment Security Act, §52-1525 to §52-1563b inclusive, Burns' 1951 Replacement, as amended, Burns' 1962 Cumm. Pocket Supplement, §52-1526a to §52-1561d, inclusive, was whether she voluntarily quit her employment with good cause. She properly assumed the burden of establishing such issue in her favor and did so successfully.

Whether, under all the circumstances of this particular case, "good cause" existed which warranted said appellee to voluntarily cease her employment with appellant was an ultimate fact to be found by the Board, and the Board, as above quoted, did find the ultimate fact to be that said appellee "claimant in the instant case did not leave her work voluntarily without good cause."

We find no statute or other authority which requires the Board to make a "specific" finding of facts, as urged by appellant. It may be accepted that the Act "contemplates that the Review Board shall make a finding of facts." See the *Allis-Chalmers* case, *supra*. This statement seems to find its source in the provisions of §52-1542k, Burns' 1962 Cumm. Pocket Supplement, that "an assignment of errors that the decision of the Board is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the decision, and the sufficiency of the evidence to sustain the finding of fact." See, also, the provisions of §52-1542a pertaining to the determination of the deputy "on the basis of the facts found," and §52-1542d, requiring the Board to notify the parties of its decision "together with its reasons therefor." Our research has uncovered no statute or authority prescribing the form, definitions, extent, or content of the Board's findings of fact.

Under the issue here presented to the Board, as above stated, the only finding the Board was required to make was whether or not said appellee voluntarily quit her employment with good cause. No other question or claim is or was raised or presented by the parties. It, therefore, would have been futile or unnecessary for the Board to have made a series of findings on matters apparent on the face of the record and concerning which all parties were in agreement. The omission or failure of the Board to make and state findings on such matters harmed no one and resulted in no prejudice to appellant.

The board made its finding that "the claimant in the instant case did not leave her work voluntarily without good cause." Perhaps such finding could have been more appropriately stated but it is sufficient to apprise the parties and this Court of the Board's finding on the issue submitted to it. In making its findings, the Board is not bound by the strict rules of procedure applicable in actions at law. *Chevrolet Muncie Division of General Motors Corporation* v. *Hirst* (1943), 113 Ind. App. 181, 189, points 5, 6, 46 N. E. 2d 281; *Nordhoff* v. *Review Board of Indiana Employment Security Division, et al.* (1959), 129 Ind. App. 378, 156 N. E. 2d 787.

The finding of facts made by the Board should deal with "ultimate" facts and not with either evidentiary facts or conclusions of law. It must be conceded, we think, that the above quoted finding of the Board did not deal with evidentiary facts. It remains to be determined, then, whether such finding was one of ultimate fact or a conclusion of law. Such question has constantly plagued the courts. In Industrial Board cases we formerly held that a finding by the Industrial Board that the injury

to the applicant sustained by an accident "arising out of and in the course of his employment" was a legal conclusion and not the statement of an ultimate fact. See *Inland Steel Co.* v. *Lambert* (1917), 66 Ind. App. 246, 118 N. E. 162, and *Retmier, et al.* v. *Cruse* (1918), 67 Ind. App. 192, 119 N. E. 32. However, beginning with *Empire Health, etc. Ins. Co.* v. *Purcell* (1921), 76 Ind. App. 551, 132 N. E. 664, in which the said *Lambert* and *Retmier* cases were overruled, it has been consistently held that such finding was one of ultimate fact and not a legal conclusion. As apropos, we quote from *Guevara* v. *Inland Steel Co. et al.* (1950), 121 Ind. App. 390, 396, 397, 95 N. E. 2d 714:

> ". . . It is not necessary for the board in its finding to state evidentiary facts upon which the ultimate facts of the existence of such relationship were based. The distinction between conclusions of law and ultimate facts has always presented difficulty to our courts of last resort. It has been said that an ultimate fact is the final or resultant fact that has been reached by the process of logical reasoning from the detail of probative fact. 41 American Jurisprudence, Pleading §7, p. 292; *Oliver* v. *Coffman* (1942), 112 Ind. App. 507, 45 N. E. 2d 351. Ultimate facts are determined as a result of an inferential process; the evidentiary facts are the premises and the ultimate facts the conclusions. Therefore, an ultimate fact may be determined as a result of a natural connection of one fact with others by a process of reasoning. A conclusion of law differs in that it is made by attaching a rule of law or legal incident to a particular fact proved. It is the process by which the result is attained which is determinative of the distinction in the particular case. An act or circumstance is none the less a fact merely because it may also be reached or considered as a conclusion of law." *Levins* v. *Rovegno* (1886), 71 Calif. 273, 12 Pac. 161; *Blake* v. *Gunderson* (1923), 46 S. Dak. 642, 195 N. W. 653.

It seems clear that the hereinabove quoted finding of the Board in the case before us was a finding of an ultimate fact.

In its "statement of facts" in the case before us the Board set forth what may be termed a condensed recital or delineation of the facts it considered controlling in the matter. It followed this with its findings and conclusions. We think it fair to say that many of the "findings" were evidentiary in character and, in some instances, were conclusions of fact and of law. However, all such evidentiary statements and the conclusions may be considered surplusage and be discarded. In our opinion, the facts stated by the Board were sufficient to support the finding that said appellee "did not leave her work voluntarily without good cause." And we think the said finding supports the decision and award reached by the Board.

Under the decisions of this court and the Supreme Court, the findings of the Review Board are conclusive unless reasonable men, considering only the evidence supporting those findings, would be bound to reach a different conclusion. The rule was stated by this court in *Merkle* v. *Review Board of the Indiana Employment Security Division, et al.* (1950), 120 Ind. App. 108, 90 N. E. 2d 524, as follows:

"Burns' 1933 (1949 Supp.), §52-1542k, provides that: 'Any decision of the review board shall be conclusive and binding as to all questions of fact.' This means that we are not at liberty to weigh the evidence. We must accept the facts as found by the board and can disregard them only in the event they are not sustained by any evidence of probative value. *White* v. *Review Board of Indiana, etc.* (1944), 114 Ind. App. 383, 52 N. E. 2d 500; *News Publishing Co.* v. *Verweire* (1943), 113 Ind. App. 451, 49 N. E. 2d 161; *Craddock Furniture Corp.*

v. *Nation* (1944), 115 Ind. App. 62, 54 N. E. 2d 295, 55 N. E. 2d 121. . . ." P. 111.

Also in *Youngstown Sheet and Tube Company* v. *Review Board of the Indiana Employment Security Division, et al.* (1954), 124 Ind. App. 273, 116 N. E. 2d 650, this court said:

". . . It is a well recognized rule of law that in matters of this kind this court cannot disturb the decision unless reasonable men would be bound to reach a different conclusion on the evidence. *Miles* v. *Review Board Emp. Sec. Div.* (1951), 120 Ind. App. 685, 96 N. E. 2d 128; *A. Winer, Inc.* v. *Review Bd. Emp. Sec. Div.* (1950), 120 Ind. App. 638, 95 N. E. 2d 214; *Nelson* v. *Review Board, Employment Sec. Div.* (1948), 119 Ind. App. 10, 82 N. E. 2d 523.

"The question whether a claimant is available for work so as to be entitled to unemployment benefit payments of the Act is one of fact to be determined by the Board. It is the general rule that the decision of the Review Board on factual matters such as we are confronted with in this case, are conclusive and binding on the court. §52-1542k Burns' 1951 Replacement. This court will not weigh the evidence but will consider only such evidence most favorable to the decision of the Board. *Carter* v. *Review Bd. Emp. Sec. Div.* (1950), 120 Ind. App. 75, 90 N. E. 2d 138; *Welch* v. *Review Board of Indiana, etc.* (1944), 115 Ind. App. 230, 58 N. E. 2d 363."

The decisions of this court with reference to the finality of findings of the Review Board were approved by the Supreme Court in *Adams et al.* v. *The Review Board of the Indiana Employment Security Division* (1957), 237 Ind. 63, 143 N. E. 2d 564 (Ind. Supreme Court). The Supreme Court there said:

"The question whether a claimant is available for work so as to be entitled to unemployment benefit payments is one of fact to be determined

by the Review Board. *Youngstown Sheet & Tube Co.* v. *Review Bd. E. S. D.* (1954), 124 Ind. App. 273, 277, 116 N. E. 2d 650.

"It is the general rule that the decision of the Board as to all questions of fact is conclusive and binding upon the court; and the court will not disturb the decision of the Board 'unless reasonable men would be bound to reach a different conclusion on the evidence' in the record. *Youngstown Sheet & Tube Co.* v. *Review Bd. E. S. D. supra; Miles* v. *Review Bd. Emp. Sec. Div.* (1951), 120 Ind. App. 685, 690, 96 N. E. 2d 128."

A recent opinion by this Court likewise held that the decision of the Review Board should be sustained when there was sufficient evidence in the record to support the findings of said Board. This Court in the case of *National Furniture Manufacturing Company, Incorporated* v. *Review Board of the Indiana Employment Security Division* (1960), 131 Ind. App. 260, 170 N. E. 2d 381, 385, said:

"There appears to be sufficient evidence in the record to support the findings of the Review Board, or at least from which the Board could have drawn a reasonable inference that appellee, from the circumstances of this case, was justified in believing that his discharge was imminent and that he no longer had a chance to continue his employment with appellant. After reviewing all of the evidence, we cannot conclude that reasonable men would be bound to reach a different conclusion on the evidence in the record. The question of 'with or without good cause' is a question of fact to be determined by the Review Board. Since the Board so determined that the appellee, Shirley K. Taylor, voluntarily quit his employment *with good cause,* we are not compelled to state as a matter of law that the facts so found by the Review Board do not constitute good cause for the voluntary quitting of the appellee."

The evidence in the case before us most favorable to the decision of the Review Board is in substance as follows:

1. Appellee Margaret Mailloux voluntarily separated from her employment with appellant-employer, Dormeyer Industries, for the reason that, "I just could not take it any more."

2. Appellee Margaret Mailloux had been badgered and tormented by a fellow-worker. That said appellee, Margaret Mailloux, some two years prior to the date of the hearing had been converted to the Catholic faith and that said fellow-worker said to her that "all Catholics were communists." This type of language was used in addressing the appellee, Margaret Mailloux, on several different occasions. Appellant Dormeyer Industries, does not deny that such derogatory statements were made to the appellee, Margaret Mailloux.

3. The employer-appellant, Dormeyer Industries, by their employee Otto Smith, electrical engineer, testified that appellee, Margaret Mailloux' work was performed in a satisfactory manner and that she, in fact, was very good in her work and was more or less of a perfectionist. Also, the plant manager, Frank Pierce, of the employer-appellant, Dormeyer Industries, testified that she was a good worker but not a good employee.

Thus, there is ample testimony in the record to support the finding of ultimate fact made by the Review Board.

We are unable to say that the record herein and the evidence disclosed thereby forces us to reach a conclusion contrary to that reached by the Board.

Award affirmed.

Ryan, J., and Myers, J., concur.

Cooper, P. J., dissents with dissenting opinion.

DISSENTING OPINION.

COOPER, P. J.—I cannot agree with the majority opinion in this matter for the following reasons:

The general rule of law has been many times stated by both this Court and our Supreme Court in construing the Employment Security Act of Indiana that the findings of ultimate fact of the Board of Review are conclusive upon the courts upon a judicial review if sustained by any evidence of probative value.

In reviewing §52-1542(k), Burns' Ind. Stat. Anno., 1951 Repl., it affirmatively appears that the Employment Security Act contemplates that the Board of Review shall make a finding of ultimate facts, and, upon such finding of ultimate facts, base their conclusion of law and thereafter, make their decision thereon.

It is apparent from the purported findings and conclusions appearing in the record that the Board of Review failed to carry out the mandate of the statute hereinabove referred to, the purported findings and conclusions appearing in the record are as follow:

> "The disparaging remarks about her religion may have been only unfeeling teasing or 'kidding,' but it was also the unfunny kind that can be seriously upsetting to any sensitive person. The relationship between the claimant and her fellow employee, and eventually between herself and the company, resulted in such an impasse that the claimant was compelled, in her own mind, to quit her job, although she was enthusiastic about the work and did not want to leave it. The employer did nothing to retain the claimant's services.

> "The referee found that the circumstances under which the claimant left were somewhat

confusing, that as a result of the accumulating circumstances of this separation, the employment relationship of this employer and this claimant reached a point where no alternative was available to the employer but to separate her. The majority of the Board believes that this doubt should be resolved in the claimant's favor. Whether or not the claimant had good cause to leave his work in any case is a fact question to be decided upon the basis of the circumstances attendant to the particular case. *National Furniture Mfg. Co.* v. *Review Board* (1960), —— Ind. App. ————, 170 N. E. 2d 381. The claimant in the instant case did not leave her work voluntarily without good cause.

"DECISION: The referee's decision in his case No. 60-A-2553, issued January 26, 1961 is hereby reversed."

An exhaustive research of the authorities in this state fails to reveal any case wherein a statement of facts, such as in this case, were held to be ultimate findings of fact.

It is my opinion that the foregoing are not findings of ultimate fact as required by the statute and the rules of good legal procedure, but consist mainly of speculation and conjecture; some of it being merely argumentive.

It affirmatively appears from the majority opinion that the writer of said opinion assumes that the following statement, "The claimant in the instant case did not leave her work voluntarily without good cause", is a finding of fact. With this I cannot agree as I am of the opinion that the foregoing statement is the conclusion of law which was necessary to justify the Board under the statute in making the decision they made in reversing the referee's prior decision.

I realize that administrative boards are not generally bound by the strict rules of legal procedure

applicable in actions of law; however, I do not believe we can close our eyes to important omissions such as is apparent in the present case before us because it is apparent from the majority opinion that the writer thereof was compelled to search and review the entire record in order to arrive at and determine the evidence in the case most favorable to the decision of the Board of Review, and in fact, set forth in such opinion matters of ultimate fact which should have been found by the Board of Review.

It has long been the general rule of law set forth in numerous decisions by this court and the Supreme Court of Indiana that every fact necessary for a petitioner's recovery must be found and stated in the findings, or judgment must be for the defendant. *Kehr* v. *Hall* (1889), 117 Ind. 405, 20 N. E. 279; *Town of Freedom* v. *Norris* (1891), 128 Ind. 377, 27 N. E. 869; *Mitchell* v. *Brawley* (1895), 140 Ind. 216, 39 N. E. 497; *McClure* v. *Anderson* (1915), 58 Ind. App. 615, 108 N. E. 757; *State ex rel. Siebrase* v. *Meiser* (1929), 201 Ind. 337, 168 N. E. 185. Nothing can be added to a finding of fact by presumption, inference or intendment. *Cleveland, etc. R. Co.* v. *Moneyhun* (1896), 146 Ind. 147, 44 N. E. 1106, 34 L. R. A. 141; *Craig* v. *Bennett* (1897), 146 Ind. 574, 45 N. E. 792; *Hill* v. *Swihart* (1897), 148 Ind. 319, 47 N. E. 705; *Crowder* v. *Riggs, Auditor* (1899), 153 Ind. 158, 53 N. E. 1019; *Donaldson* v. *State ex rel.* (1906), 167 Ind. 553, 78 N. E. 182; *Rankin* v. *McCollister* (1911), 175 Ind. 387, 93 N. E. 209; *State ex rel. Siebrase* v. *Meiser, supra*. Where a finding of fact is silent upon a material point it is deemed to be found against the one who has the burden of proof. *Cleveland, etc. R. Co.* v. *Moneyhun, supra; Donaldson* v. *State ex rel., supra; Rankin* v. *McCollister, supra; Westphal* v. *Heckman*

(1916), 185 Ind. 88, 113 N. E. 299; *State ex rel. Siebrase* v. *Meiser, supra.* The finding should not set forth the evidence but should state the facts. *Bryant* v. *Barger* (1939), 106 Ind. App. 245, 250, 251, 18 N. E. 2d 965.

Furthermore, it affirmatively appears from the decision of the Board, which reads as follows: "The referee's decision in his case No. 60-A-2553, issued January 26, 1961, is hereby reversed," that the only action the Board took in reviewing the proceedings now before us was to reverse the decision of the referee. It does not make any decision of granting or denying unemployment benefits to the appellee herein, as originally prayed for below and as contemplated and required by the statute. This I believe is a fatal error.

I would remand the cause to the Review Board with instructions to make findings of ultimate fact and a decision thereon for or against the petitioner below.

NOTE.—Reported in 183 N. E. 2d 351.